BANK OF WEST TENNESSEE *v.* T. S. MARR *et al.*

PLEADINGS AND PRACTICE. *Scire facias. Plea to merits.* If to a *scire facias* against heirs, based upon a judgment against the personal representative, to show cause why execution should not issue against the real estate descended, the heirs appear and plead to the merits, they thereby waive any irregularity in the issuance of the *scire facias*, either in the preliminary order, or the form of the writ.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

Gantt & PATTERSON for complainant.

ESTES & ELLETT, W. M. RANDOLPH and WRIGHT, FOWLKES & WRIGHT for defendants.

COOPER, J., delivered the opinion of the court.

The case presented in this record is a branch of the litigation which was before this court at a former term, and the opinion in which is reported in 4 Lea,

578. One object of the litigation was to hold the stockholders of the Bank of West Tennessee liable for unpaid stock for the benefit of the creditors of the bank. L. P. C. Burford, a non-resident of the State, was one of these stockholders. He died on September 21, 1863, and S. R. Burford, also a non-resident of the State, on October 2, 1865, qualified as administrator of his estate. On March 27, 1877, the chancery court, in which the suit was then pending, rendered a decree in favor of E. B. McHenry, as receiver of the assets of the bank, against S. R. Burford, as administrator of L. P. C. Burford, deceased, for $11,-759.26, balance found to be due from him on unpaid stock. On March 2, 1878, upon an affidavit of McHenry stating the names of the heirs of L. P. C. Burford, deceased, the clerk and master of the chancery court, made an order upon his rule docket for the issuance of a *scire facias* against these heirs to show cause why the judgment should not be revived against them. A *scire facias* was issued accordingly and executed on some of the heirs, and publication made as to the residue. The heirs appeared by counsel and filed pleas to the merits, setting up in defense the various statutes of limitation. Demurrers were filed to some of these pleas, and replications to others which were in their turn demurred to by defendants. These demurrers were all decided in favor of the plaintiff, and the defendants declining to plead further, a decree was rendered reviving the judgment against the heirs, and ordering an execution to issue against the lands which had descended to them. The

·defendants afterwards brought the cause to this court by writ of error.

No question was made in the court below, either ·by motion to quash, plea in abatement or otherwise, to the regularity of the issuance of the *scire facias,* or to its sufficiency. On the argument before the Ref-·erees, the objections were taken that there should have been an order of court to sustain the writ, and that ·the writ itself was fatally defective. The Referees ·were of this opinion, and reported in favor of revers-ing the judgment below. The plaintiff alone excepted.

By statute, after recovering a judgment against the personal representative of a decedent, before taking out an execution against the real estate, the heirs or devi-sees must be summoned by *scire facias* to show cause why execution should not issue: Code, sec. 2259. Be-fore the adoption of the Code, it was settled that decrees in equity might be revived, like judgments at law by *scire facias,* and also by motion or bill of revivor: *Carsen* v. *Richardson,* 3 Hayw., 231. The right to proceed by bill of revivor has not been af-fected by any legislation placing decrees in equity and judgments at law on the same footing in this regard. And if the bill of revivor may be replaced by a *scire facias* under the provisions of the statutes, as is ex-pressly provided in the case of a bill of revivor upon the death of a defendant to revive a pending suit, the clerk and master may issue the *scire facias* at any time at the rules upon motion of the complainant: ·Code, secs. 4425, 4426. It is now provided by statute that even at law a judgment may be revived by or

against the heirs of a deceased plaintiff or defendant in the same manner, and under the same circumstances as pending suits are now revived under section 2849 of the Code, that is, when no person will administer on the estate of the deceased: Act of 1875, ch. 22. A revivor of a decree in equity by motion upon notice seems to have been considered proper in a recent case: *Douglass* v. *Menzies,* at Brownsville, cited in King's Digest, page 1361.

A *scire facias* to revive a judgment, or to have execution against realty descended is so far in the nature of a new suit that any defense may be made which will prevent the revivor, but it is in substance a continuation of the old suit, for the proper judgment is that the plaintiff have execution of the original judgment: *McIntosh* v. *Paul,* 6 Lea, 45, 47. It is a judicial writ, and in the nature of a declaration, and its sufficiency may be tested by demurrer or motion to quash: *Hayes* v. *Cartwright,* 6 Lea, 143; *State* v. *Johnson,* 6 Baxt., 198. If there be no pleading, and the judgment be by default, on appeal or writ of error, mere irregularities would be of no avail, but it would be otherwise if there was a want of jurisdiction or a fatal defect in the *scire facias: Brewer* v. *State,* 6 Lea, 198. And the cause would be remanded for another writ: *State* v. *Patterson,* 7 Baxt., 246.

The order and *scire facias* in this case are fatally defective, and would undoubtedly have been held bad upon demurrer or motion directed to the fatal defect: *Hillman* v. *Hickerson,* 3 Head, 575; *Frierson* v. *Harris,* 5 Cold., 146. In the case last cited the *scire facias*

to revive a judgment against heirs was issued by the clerk of this court in vacation, and, like the writ before us, called upon the heirs to show cause why judgment should not be revived against them. The heirs appeared by counsel, but the mode of defense does not appear. It was doubtless made upon the motion to revive, and was probably 'in the nature of a demurrer or application to quash. It was held that there was no authority to issue the writ, and that it was defective in form. The present case would have been directly within the decision if any defense had been made directed to the obvious defects, or, as we have seen, if there had been no defense at all. And the question is, does the defense which was actually made to the merits condone or waive these defects?

The general rule undoubtedly is, and has been repeatedly recognized by this court, that appearance and defense to the merits waive all defenses which go merely in abatement of the writ or action. And this for the obvious reason that a party may prefer to contest the right involved without testing the regularity of the proceedings. The rule is peculiarly applicable to matters of pleading. "In pleading," says Overton, J., in a case at law, "an advanced step virtually waives exceptions which should be antecedently made": *Snapp* v. *Moore*, 2 Tenn., 240. And in equity any positive step on the basis of the regularity of a previous pleading waives any irregularity therein: *Seifreid* v. *People's Bank*, 1 Baxt., 200; S. C., 2 Tenn. Ch., 17. The rule of this court, under the Code, sec. 4516, is not to reverse except for some cause which goes to the merits,

if the party has appeared and made a defense of his own selection: *Odell* v. *Koppee,* 5 Heis., 88. And we have held in several cases of the character of the one before us, that although the *scire facias* be not sustained by the proper affidavit, or be defective in form, we would not look beyond the defenses which the party chose to rely on: *Taylor* v. *Miller,* 2 Lea, 153; *Whitworth* v. *Thompson,* 8 Lea, 480; *Bryant* v. *Smith,* 5 Cold., 113; *Fogg* v. *Gibbs,* 8 Baxt., 464. In the last of these cases Judge McFarland says that the revivor of the judgment is in the nature of a new suit to recover on the former judgment, and such judgment of revivor ought to be on *scire facias,* "or upon appearance of the defendant and waiver of the *scire facias.*" We think the defendants in this case have waived the *scire facias,* and elected to try on the merits, and are concluded thereby. The demurrers to the pleas and replications, being special, would not reach a defect in the *scire facias: Taylor* v. *Miller,* 2 Lea, 153; *Hobbs* v. *Railroad Company,* 9 Heis., 526. And those demurrers were properly sustained.

The exception to the report of the Referees will be allowed, and the judgment below affirmed with costs.